# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA L. DYER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-07486 |
| | ) | |
| v. | ) | Judge Sara L. Ellis |
| | ) | |
| BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) | Mag. Judge Sidney I. Schenkier |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

NOW COMES Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM"), by and through its undersigned attorneys, and for its answers and objections to Plaintiff's first set of interrogatories, states as follows:

1.     Identify the individual(s) who are responding to or providing information used in response to these discovery requests. Describe the substance of the person's knowledge and where such knowledge was obtained.

**RESPONSE**: Ken Wake, Executive Director, Blatt, Hasenmiller, Leibsker & Moore, LLC. Mr. Wake is familiar with all aspects of the firm's operations.

2.     Identify all witnesses, lay or expert, that will be called by Defendant in this case, their respective titles, job responsibilities, and the nature and extent of their respective testimony. Describe the substance of the person's knowledge and where such knowledge was obtained.

**RESPONSE**: BHLM will identify its trial witnesses at the appropriate time, as determined by the court's scheduling and pretrial orders.

3.     State whether Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) for purposes of the collection case. If Defendant denies that it is a debt collector, please describe the basis for the denial.

**RESPONSE**: BHLM admits that, as a general matter, it is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) but is without knowledge or information sufficient to form a

belief as to whether it was acting as a "debt collector" in this matter and, therefore, denies same, because only debts that are incurred for "personal, family or household purposes" are covered by the FDCPA.

4.     Describe all contacts, telephonic or written, between Defendant and Plaintiff, including the dates, participants, and substance of each contact. State the location or place of abode of Plaintiff at the time each contact was made.

**RESPONSE**: The Collection Case was filed on May 9, 2014.  Judgment was entered on June 23, 2014.  BHLM objects to the remainder of this interrogatory as immaterial, irrelevant, overbroad, harassing, calling for information which is already or solely within plaintiff's possession, and not calculated to lead to the discovery of relevant evidence.

5.     State the address where Defendant served Plaintiff with the summons and complaint in the collection case. Also state how Defendant obtained the address.

**RESPONSE**: BHLM objects to this interrogatory as immaterial, irrelevant, overbroad, harassing, and not calculated to lead to the discovery of relevant evidence.  Without waiving said objections, the Collection Case docket (attached to plaintiff's complaint as Exhibit A), reflects that service was made on May 24, 2014.

6.     State where the underlying contract, which was the basis of the collection case, was allegedly signed or entered into by the Plaintiff.

**RESPONSE**: Unknown.

7.     Describe Defendant's maintenance of procedures reasonably adapted to avoid the filing of debt collection lawsuits in a judicial district or similar legal entity other than the judicial district or similar legal entity in which the consumer resides at the commencement of the action or where the underlying contract was signed by the consumer.

**RESPONSE**: In the case of debtors who reside within Cook County, and prior to July 3, 2014, BHLM followed the FDCPA's venue requirements as construed and applied by the Seventh Circuit in *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996).  Subsequent to July 3, 2014,

BHLM follows the FDCPA's venue requirements as construed and applied by the Seventh Circuit in *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014).

8.     Describe the procedures by which Defendant screens or scrubs its litigation files to prevent the filing of collection actions outside of the judicial district or similar legal entity where the consumer resides at the commencement of the action, or where the underlying contract was signed by the consumer.

**RESPONSE**: In the case of debtors who reside within Cook County, and prior to July 3, 2014, BHLM confirmed the debtor's place of residence and then followed the FDCPA's venue requirements as construed and applied by the Seventh Circuit in *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996). Subsequent to July 3, 2014, BHLM confirms the debtor's place of residence and then follows the FDCPA's venue requirements as construed and applied by the Seventh Circuit in *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014).

9.     Identify all systems, policies, or procedures that Defendant otherwise has in place to prevent violations of 15 U.S.C. § 1692i(a)(2).

**RESPONSE**: See responses to Interrogatory Nos. 7 and 8 above.

10.     Identify all training guides or operating manuals that Defendant uses to train or instruct its employees with regards to ensuring compliance with the venue provision of the FDCPA, 15 U.S.C. §1692i(a)(2).

**RESPONSE**: Any responsive documents will be produced.

11.     Describe and identify all rules, procedures, and/or protocols that Defendant has in effect to prevent, detect, and correct any actions that may harm consumers by virtue of Defendant's failure to comply with any federal statutes.

**RESPONSE**: BHLM objects to this interrogatory as immaterial, irrelevant, vague, overbroad, harassing, and not calculated to lead to the discovery of relevant evidence.

12.     State the total number of collection lawsuits filed by Defendant in Illinois courts in the calendar years 2013 through November of 2014.

**RESPONSE**: BHLM objects to this interrogatory as immaterial, irrelevant, overbroad, harassing, and not calculated to lead to the discovery of relevant evidence.

3

13.     With regard to the collection lawsuits referred to in Interrogatory No. 12, state the number of default judgments obtained by Defendant.

**RESPONSE**: BHLM objects to this interrogatory as immaterial, irrelevant, overbroad, harassing, and not calculated to lead to the discovery of relevant evidence.

14.     With regard to the collection lawsuits identified in Interrogatory No. 13, state the number of cases which were filed in a judicial district or similar legal entity other than where the consumer resides, or where the underlying contract was signed or otherwise created.

**RESPONSE**: BHLM objects to this interrogatory as immaterial, irrelevant, overbroad, harassing, and not calculated to lead to the discovery of relevant evidence.

15.     With regard to the collection lawsuits identified in Interrogatory No. 14, state the judicial district or similar legal entity in which the case was filed and the address of service of the defendant.

**RESPONSE**: BHLM objects to this interrogatory as immaterial, irrelevant, overbroad, harassing, and not calculated to lead to the discovery of relevant evidence.

16.     With regard to the collection lawsuits identified in Interrogatory No. 14, state the number of default judgments obtained by Defendant.

**RESPONSE**: BHLM objects to this interrogatory as immaterial, irrelevant, overbroad, harassing, and not calculated to lead to the discovery of relevant evidence.

17.     State whether you or your client, TD Bank USA, N.A., decided to file the collection case at the Daley Center. Identify the person who made the decision to file the collection case at the Daley Center.

**RESPONSE**: BHLM made the decision to file the Collection Case at the Daley Center, consistent with its standing policies and procedures, as described in its responses to Interrogatory Nos. 7 and 8.

18.     State whether Defendant and Plaintiff entered into a payment plan in connection with the subject account. If so, please state the date the payment plan was entered into and the terms of the payment plan.

**RESPONSE**: No payment plan.

4

19. State how many attorneys were employed by you at the time of the filing of the collection case.

**RESPONSE**: BHLM objects to this interrogatory as immaterial, irrelevant, overbroad, harassing, and not calculated to lead to the discovery of relevant evidence.

20. State the reason you or your client elected to file the collection case at the Daley Center.

**RESPONSE**: Because BHLM determined that the debtor resided within Cook County. Further, see responses to Interrogatory Nos. 7 and 8 above.

21. Identify the entire factual basis for Defendant's affirmative defense that any violation of the FDCPA was unintentional and the result of a bona fide error.

**RESPONSE**: In the case of debtors who reside within Cook County, and prior to July 3, 2014, BHLM followed the FDCPA's venue requirements as construed and applied by the Seventh Circuit in *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996). Subsequent to July 3, 2014, BHLM follows the FDCPA's venue requirements as construed and applied by the Seventh Circuit in *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014). BHLM could not have anticipated, despite all of its efforts to remain current with the law, that a divided *en banc* panel in *Suesz* would reverse *Newsom*, which had been the law for 18 years, and establish a new FDCPA venue rule that was the complete opposite of what *Newsom* had established, and then apply it retroactively.

22. State whether your bona fide error defense is based on your reliance on existing law at the time of the filing of the collection case.

**RESPONSE**: In the case of debtors who reside within Cook County, and prior to July 3, 2014, BHLM followed the FDCPA's venue requirements as construed and applied by the Seventh Circuit in *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996). Subsequent to July 3, 2014, BHLM follows the FDCPA's venue requirements as construed and applied by the Seventh Circuit in *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014). BHLM could not have

anticipated, despite all of its efforts to remain current with the law, that a divided *en banc* panel in *Suesz* would reverse *Newsom*, which had been the law for 18 years, and establish a new FDCPA venue rule that was the complete opposite of what *Newsom* had established, and then apply it retroactively.

23.     Identify the entire factual basis for all other affirmative defense asserted by Defendant that would bar Plaintiff's claims.

**RESPONSE**: The Collection Case was filed on May 9, 2014.  Judgment was entered on June 23, 2014.  Plaintiff never objected to nor sought to transfer venue.  Plaintiff has therefore waived, and/or is collaterally estopped, barred by res judicata, or barred by laches, from now raising any objection to venue.  Plaintiff was also therefore the cause of and/or failed to mitigate any alleged damages (which are denied) arising from the Collection Case originally being filed in the Daley Center.

24.     Identify any and all applicable policies of insurance issued by any entity which may afford coverage and/or may be used to satisfy any judgment against Defendant sustained as a result of the occurrences described in the Complaint, or to which Defendant has the option to submit for the defense of Plaintiff's claims. For each policy identified by you, please state the amount of the deductible and the applicable coverage limits.

**RESPONSE**: Not applicable.

25.     State the basis for each denial in your answer to Plaintiff's complaint.

**RESPONSE**: BHLM objects to this interrogatory as overbroad, harassing, compound, and exceeding the number of permissible interrogatories allowed by the Federal Rules of Civil Procedure.

Dated:  April 8, 2015                    Respectfully submitted,

                                          BLATT, HASENMILLER, LEIBSKER &
                                          MOORE, LLC


                                          By:     /s/David L. Hartsell_____
                                                  One of Its Attorneys

David L. Hartsell
Helen D. Arnold
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601-1818
(312) 849-8100
(312) 849-3690 (fax)
dhartsell@mcguirewoods.com
harnold@mcguirewoods.com

## **VERIFICATION**

Pursuant to 28 U.S.C. §1746, I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on April 7th, 2015.

_____
Kenneth R. Wake

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I served a copy of the foregoing **DEFENDANT'S RESPONSE TO**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES** upon the below counsel of record

electronically and by U.S. mail on this 8th day of April, 2015:

> Ahmad Tayseer Sulaiman, First
> Daniel J. McGarry, Esq.
> Mohammed O. Badwan, Esq.
> Sulaiman Law Group, Ltd.
> 950 Jorie Boulevard, Suite 150
> Oak Brook, IL  60523
> ahmad.sulaiman@sulaimanlaw.com
> dmcgarry@sulaimanlaw.com
> mbadwan@sulaimanlaw.com


/s/David L Hartsell                                    


65777714_1